11-5228
Lin v. Holder

BIA
Zagzoug, I.J.
A073 556 891

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of August, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> *Circuit Judges.*

_____

FANG LIN,
> *Petitioner,*

v.                                    11-5228
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Virginia Lum, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Fang Lin, a native and citizen of the People's Republic of China, seeks review of a November 29, 2011, decision of the BIA affirming the September 15, 2010, decision of Immigration Judge ("IJ") Randa Zagzoug, denying her motion to reopen. *In re Fang Lin*, No. A073 556 891 (B.I.A. Nov. 29, 2011), aff'g No. A073 556 891 (Immig. Ct. N.Y. City Sept. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). It is well

established that the BIA may deny an alien's motion to reopen on the basis that the alien failed to demonstrate *prima facie* eligibility for the relief sought, *i.e.*, a realistic chance that he will be able to establish eligibility. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (describing the failure to establish *prima facie* eligibility for relief as one of "at least three independent grounds on which the BIA may deny a motion to reopen"); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). "This requires the alien to carry the 'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in [his] case." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (quoting *Abudu,* 485 U.S. at 110).

To establish eligibility for asylum and withholding of removal, an applicant, such as Lin, who does not rely on past persecution must demonstrate a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). Here, the agency did not abuse its discretion when it concluded that Lin failed to demonstrate *prima facie* eligibility for relief on the basis of her fear of future persecution, because she failed to offer adequate evidence demonstrating that

3

officials in China were "aware of . . . or likely to become aware of" her practice of Falun Gong in the United States. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Lin argues that the notice of arrest she submitted with her motion to reopen demonstrated that authorities in China were aware of her practice of Falun Gong, and, thus, established her *prima facie* eligibility for relief, and that the BIA erred in according the notice minimal weight. However, we afford particular deference to the BIA's decision to give limited weight to the notice, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006), and nothing in the record compels the conclusion that the BIA erred in this respect. Although Lin argues that the BIA improperly speculated that the notice was fraudulent, the record reflects that, in assigning minimal weight to the notice, the BIA, in addition to noting that the notice was unsigned, observed that it did not identify the author, and was unauthenticated in any manner, pointed to the State Department's 2007 Country Conditions Report, which stated that documents from China, including notices from public security authorities, and particularly those from the Fujian Province, were "subject to widespread fabrication and fraud." Accordingly, absent "solid support" in the record

4

that her fear of persecution on the basis of her practice of Falun Gong is objectively reasonable, Lin's claim of future persecution is "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Further, the BIA did not abuse its discretion in concluding that Lin's decision to begin practicing Falun Gong constituted a self-induced change in personal circumstances that did not merit an exception to the time and number limitations applicable to motions to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (observing that a self-induced change in personal circumstances cannot suffice to merit an exception to the time and number limitations). Because Lin's background materials described only either the continuation of China's repression of Falun Gong or violence against Falun Gong practitioners that occurred in the United States, the BIA reasonably concluded that she failed to establish changed conditions for Falun Gong practitioners in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (providing that the time and number limitations for filing a motion to reopen do not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material

5

and was not available and would not have been discovered or presented at the previous proceedings."); *see also* 8 C.F.R. § 1003.2(c)(3)(ii) (same).  Accordingly, the agency did not abuse its discretion in denying Lin's motion to reopen.

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6